CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 1 7 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JUDY A. ROBBINS, | ) |
| Movant, | ) Civil Action No. 3:16-MC-00001 |
| v. | ) **MEMORANDUM OPINION** |
| MILLER LAW GROUP, P.C., | ) By: Hon. Glen E. Conrad |
| Respondent, | ) Chief United States District Judge |
| v. | ) |
| YOLANDA RENE MOSLEY-RIDLEY, | ) |
| Debtor. | ) |

Yolanda Rene Mosley-Ridley (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia. The bankruptcy court subsequently entered an order in which it continued a hearing on Judy A. Robbins's (the "Trustee") motion for review of attorney's fees. This matter is currently before the court on Miller Law Group, P.C.'s ("Miller Law") motion for leave to appeal this order. For the following reasons, the motion will be denied.

### Background

On February 21, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia. Prior to filing the petition on behalf of the Debtor, Miller Law received $1,500.00 for its legal services, which included preparing and filing the Debtor's schedules. In Schedule A, the Debtor listed a fee simple interest in real property valued at $117,500.00 with a secured claim in the amount of $97,796.00. The schedule included a notation that the value was consistent with a

Broker Price Opinion, which was procured by Miller Law. In Schedule C, the Debtor listed an exemption in the real property in the amount of $3,585.00.

The meeting of creditors, pursuant to 11 U.S.C. § 341, was held on March 21, 2014. No objections were filed, and the Debtor was discharged on May 21, 2014. Prior to the discharge, Capital One, N.A. ("Capital One") filed a reaffirmation agreement with the bankruptcy court. That agreement reaffirmed the mortgage on the real estate; however, the agreement also stated that the current market value of the property was $218,200.00. On September 10, 2014, Capital One filed a proof of claim disclosing a debt balance of $97,102.30.

On August 6, 2015, the Trustee filed a request for an asset notice with the bankruptcy court. The asset identified by the Trustee was the Debtor's real property. The next day, the bankruptcy court issued a notice alerting creditors of the need to file proofs of claim due to the recovery of assets. The Trustee and Miller Law had a number of discussions concerning this real property and the possibility of converting the Debtor's case to one filed pursuant to Chapter 13 of the Bankruptcy Code. However, at this point, the Debtor's case remains in Chapter 7, the property is not listed for sale, and the Debtor has possession of the realty.

On August 7, 2015, the Trustee filed a motion for review of attorney's fees, arguing that Miller Law knew, or should have known, that the value of the Debtor's property was artificially low. The Trustee argued that the $1,500.00 charged by Miller Law was excessive, and that the attorneys at Miller Law violated their ethical and legal obligations. On September 4, 2015, Miller Law responded to the motion and denied that they committed any ethical or legal violations. The bankruptcy court held an initial hearing on the motion on September 14, 2015. The court then continued the hearing until November 23, 2015, so that the parties could conduct additional discovery. On November 23, 2015, the bankruptcy court held another hearing on the motion. The

bankruptcy court entered an order on December 23, 2015, in which it declined to rule on whether it would reduce attorney's fees or impose sanctions on Miller Law based on an incorrect choice of bankruptcy chapter filing. Instead, the bankruptcy court ordered that a third hearing would be held on January 27, 2016, at which it would decide whether the Debtor's financial information in the schedules was true and correct, and whether the attorneys at Miller Law violated their professional obligations.

On January 6, 2016, Miller Law filed a notice of appeal as to the bankruptcy court's December 23, 2015 order. The next day, Miller Law filed a motion for leave to appeal the order in this court. In that motion, Miller Law appears to ask the court to determine that the bankruptcy court's order is a final order that is appealable as a matter of right or, in the alternative, grant Miller Law leave to file an interlocutory appeal.[1] There has been no opposition brief filed regarding this motion.

## Discussion

While parties may appeal final orders from the bankruptcy court as a matter of right, they may only appeal interlocutory orders "with leave of the court." 28 U.S.C. § 158(a). In other words, the court has discretionary appellate jurisdiction over interlocutory orders. Id.

### I. Finality of the Bankruptcy Court's Order

The court's first inquiry is whether the bankruptcy court's order on December 23, 2015 is a final order that is appealable as a matter of right to this court. In the bankruptcy context, the concept of finality "has traditionally been applied 'in a more pragmatic and less technical way ... than in other situations.'" A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986) (quoting In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985)). As such, an order in a

---

[1] The court notes that Miller Law's motion is styled as a motion for leave to file an interlocutory appeal. However, in the body of the motion, Miller Law argues that the bankruptcy court's December 23, 2015 order is a final order.

3

bankruptcy case is considered final, and is immediately appealable, if it finally disposes of a discrete dispute within the larger case. In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005). To finally dispose of a discrete dispute, the court "must completely resolve all of the issues pertaining to a discrete claim, including issues as to proper relief." In re Integrated Res., Inc., 3 F.3d 49, 53 (2d Cir. 1993).

In this case, the court finds that the bankruptcy court's December 23, 2015 order was not a final order. In the order, the bankruptcy court stated that it would hold another hearing on January 27, 2016 as to the issue of whether the Debtor's financial condition was properly reflected in the filings, and whether the attorneys at Miller Law violated their professional obligations. Moreover, the bankruptcy court explicitly declined to rule on the Trustee's motion for a reduction in attorney's fees and other sanctions against Miller Law, to the extent that such motion was based on incorrect choice of bankruptcy chapter filing. Therefore, the court finds that the bankruptcy court's order did not finally dispose of this discrete dispute between the parties within the larger bankruptcy litigation. To the extent that Miller Law seeks to appeal the bankruptcy court's order as a matter of right, that request will be denied.

## II. Motion for Leave to File Interlocutory Appeal

Although it appears that the bankruptcy court's order does not contain any determination as to the dispute between the parties, the court will also decide whether to grant Miller Law's motion for leave to file an interlocutory appeal. When making this determination, district courts generally apply the standard set forth in 28 U.S.C. § 1292(b), the statute governing interlocutory review by the circuit courts. See, e.g., In re Charlotte Commercial Group, Inc., No. 01-6044, 2003 WL 1790882, at *1 (M.D.N.C. March 13, 2003); KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 78 (E.D. Va. 2000); In re Swann Ltd. P'ship, 128 B.R. 138, 139

4

(D. Md. 1991). Under § 1292(b), leave to appeal an interlocutory order should be granted only when (1) the order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and (2) an immediate appeal from the order would materially advance the termination of the litigation. 28 U.S.C. § 1292(b). Both requirements must be satisfied in order for the court to grant leave to appeal an interlocutory order. Atlantic Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996). Moreover, the appellant must demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Having considered these factors, the court concludes that Miller Law has not demonstrated that an interlocutory appeal is appropriate in this case. In its motion, Miller Law failed to identify a controlling question of law as to which there is substantial ground for a difference of opinion. Instead, the questions presented in Miller Law's motion relate solely to the sufficiency of the evidence before the bankruptcy court. Most importantly, the bankruptcy court declined to issue a ruling on the Trustee's motion until after its hearing on January 27, 2016, so the court finds that Miller Law's motion is premature. For these reasons, the motion for leave to appeal the bankruptcy court's interlocutory order will be denied.

## Conclusion

For the foregoing reasons, the court will deny Miller Law's motion for leave to appeal the bankruptcy court's order. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 17th day of February, 2016.

*/s/ signature/*
Chief United States District Judge